UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK MANNERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. 2255 [2784] AND MOTION FOR APPOINTMENT OF COUNSEL [2800]**

Pursuant to 28 U.S.C. § 2255(f)(3), Petitioner Erick Manners moves to vacate his conviction under 18 U.S.C. § 924(c) for using a firearm during a crime of violence. He also moves for appointment of counsel to help him present his § 2255 motion. For the reasons stated below, both of Petitioner's motions are DENIED.

**I.    Background**

In January 2011, Petitioner pled guilty to a count of assault with a dangerous weapon in aid of racketeering ["felonious assault"], in violation of 18 U.S.C. § 1959(a)(3). (Dkt. 1719.) He also pled guilty to using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (*Id.*) His conviction for felonious assault served as the predicate "crime of violence" for his conviction under § 924(c). (*Id.*)

On August 17, 2011, this Court sentenced Petitioner to eighteen months for the felonious assault and ten years for his conviction under § 924(c). (Dkt. 2153.) Petitioner did not file a notice of appeal.

On June 26, 2015, the Supreme Court decided *Johnson v. United States,* 135 S. Ct. 2551 (2015).  Less than one year later, Petitioner filed this 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction in light of *Johnson.*  (Dkt. 2784.)  His motion is therefore timely under § 2255(f)(3).[1]

## II.  Standard

To obtain relief under § 2255, Petitioner must show either that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

## III.  Analysis

### A. Motion to Vacate Conviction

In *Johnson*, the Court struck down the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563.  Here, Petitioner challenges his conviction under a different statute, 18 U.S.C. § 924(c).  Petitioner argues that *Johnson* also invalidated the residual clause in § 924(c)(3), thereby rendering his conviction unconstitutional.  This Court disagrees.

In *United States v. Taylor*, the Sixth Circuit held that *Johnson* does not invalidate the residual clause in § 924(c)(3).  814 F.3d 340, 376-79 (6th Cir. 2016).  While other Circuits

---

[1] Respondent argues that Petitioner's motion is untimely because the Supreme Court has not "applied *Johnson* to ... 18 U.S.C. § 924(c) at all, much less made it retroactive on collateral review."  (Dkt. 2802, at 3.)  This Court disagrees.  Timeliness under 28 U.S.C. § 2255(f)(3) depends on "the right asserted," not on whether Petitioner's claim is meritorious.  Because Petitioner asserted a right under *Johnson* within one year of the Supreme Court's holding, his motion is timely. *See* 28 U.S.C. § 2255(f)(3).

have disagreed with *Taylor*'s reasoning (*see United States v. Vivas-Ceja*, 808 F.3d 719, 722-24 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1114-20 (9th Cir. 2015)), Sixth Circuit precedent binds this Court.  Accordingly, this Court holds that *Johnson* has no effect on Petitioner's conviction under § 924(c).  *See also Byrd v. United States*, 2016 WL 4009884, at *1-2 (E.D. Tenn. July 25, 2016) (noting that § 924(c)(3) "remains unaffected" by the Supreme Court's holding in *Johnson*); *United States v. Walker*, 2016 WL 762717, at *3 (E.D. Ky. Feb. 26, 2016) (holding that sentence imposed for violation of § 924(c) was not implicated by *Johnson*).

Even if *Johnson* did invalidate the residual clause in § 924(c)(3), Petitioner's motion would fail because his predicate offense, felonious assault, qualifies as a crime of violence under the elements clause of § 924(c)(3)(A).  *See Johnson*, 135 S.Ct. at 2563.  Under this clause, a crime constitutes a "crime of violence" if it is a felony and "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  Felonious assault requires "assault with a dangerous weapon or assault resulting in serious bodily injury."  18 U.S.C. § 1959(a)(3).  It therefore qualifies as a "crime of violence" because it is a felony with an element involving the "use of, attempted use, or threatened use of physical force against another." 18 U.S.C. § 924(c)(3)(A); *see also United States v. Mosley,* 339 F. App'x 568, 575 (6th Cir. 2009) (holding that felonious assault constitutes a crime of violence under the similarly worded elements clause of the Armed Career Criminal Act).

Given the above, case law does not entitle Petitioner to relief, and this Court finds no other reason to vacate his conviction.  Petitioner's motion to vacate his conviction is DENIED.

3

### B. Motion for Appointment of Counsel

Because the Court is denying Plaintiff's § 2255 motion, his motion for appointment of counsel is moot and therefore DENIED.

### III. CONCLUSION

For the above-stated reasons, Petitioner's motions to vacate his conviction and for appointment of counsel are DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager